I did not participate in the previous appeal in this case.
I have reviewed the authorities presented by Drs. Cosby and Tietke in their brief, and I find them persuasive. I am aware of the inherent power of the trial court to act sua sponte to dismiss an action for want of prosecution. Atkins v. Shirley,561 So.2d 1075, 1077 (Ala. 1990). A trial court must be able to control its calendar and move cases through the system with as little interference from this Court as possible. In each case there comes a point " 'when the interest of the court in controlling its calendar and the risk to the defendant[s] outweigh the interest in disposing of the litigation on the merits.' " Scullin v. Cameron, 518 So.2d 695, 699 (Ala. 1987), quoting Selby v. Money, 403 So.2d 218, 220 (Ala. 1981). See, also, Burdeshaw v. White, 585 So.2d 842 (Ala. 1991). I am not persuaded that that point has been reached in this case, and I am firm in my belief that litigation should be disposed of on the merits. If the roles of the lawyers were reversed and a default judgment had been entered against these defendants, under these facts and at this point in the trial of the case, I would vote to set it aside. See, e.g., Sanders v. Weaver,583 So.2d 1326 (Ala. 1991). The Court must provide a level playing field; therefore, I concur to reverse and remand.