THOMAS, Judge.
Alabama Pain Consultants, LLC (“APC”), appeals from the trial court’s judgment on its Rule 60(b), Ala. R. Civ. P., motion simultaneously setting aside a default judgment in favor of Aspen Medical Products, Inc. (“Aspen”), for $65,360.15 and entering a judgment in Aspen’s favor for $46,642.60. We reverse and remand.
In October 2005, Aspen sued APC alleging that APC owed Aspen $65,360.15. APC failed to answer the complaint, and, in January 2006, Aspen sought a default judgment in its favor. The trial court entered a default judgment on January 11, 2006. On February 21, 2006, APC filed a motion pursuant to Rule 60(b)(1), seeking relief from the default judgment. Aspen responded to APC’s motion. After both parties supplemented their motion and response, respectively, with affidavits and certain documents, the trial court held two hearings on APC’s motion. After the hearings, which were either not recorded or not transcribed for this appeal, the trial *668 court entered a judgment in which it determined that the default judgment should be set aside because APC had demonstrated excusable neglect under Rule 60(b)(1), because APC had demonstrated a meritorious defense, and because Aspen would not be unduly prejudiced by the setting aside of the default judgment. However, the court went further, stating, “[biased on its evaluation of the evidence submitted to it, the court hereby enters a judgment for [Aspen] and against [APC] in the amount of $46,642.60, plus costs of court, which are hereby taxed to [APC].” It is from this judgment that APC appeals.
APC argues that the trial court erred in entering a judgment based on the submissions presented to the trial court in support of its Rule 60(b) motion to set aside the default judgment. Aspen, however, argues that the trial court properly entered a summary judgment pursuant to Rule 56, Ala. R. Civ. P., based on APC’s Rule 60(b) motion together with Aspen’s response and the various evidentiary submissions. We disagree with Aspen’s attempt to characterize APC’s motion as a motion for a summary judgment, and we conclude that the trial court erred in entering a judgment after summary proceedings at which the issue was whether APC was entitled to have the default judgment in favor of Aspen set aside.
To have been entitled to have the default judgment set aside under Rule 60(b), APC was required to allege and prove a Rule 60(b) ground and the factors that trial courts are required to consider when ruling on a Rule 55(c), Ala. R. Civ. P., motion to set aside a default judgment, as set out by our supreme court in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988): a meritorious defense, a lack of prejudice to the nondefaulting party, and a lack of culpable conduct. See Ex parte King, 776 So.2d 31, 35 (Ala.2000); and DaLee v. Crosby Lumber Co., 561 So.2d 1086, 1091 (Ala.1990). As explained by our supreme court in Kirtland, “a defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury.” Kirtland, 524 So.2d at 606.
To establish the existence of a meritorious defense, APC presented affidavit testimony and documentary evidence establishing that Aspen had failed to credit APC’s account for certain returned products and for certain periodic payments. In addition, in its supplemental brief in support of its motion, APC argued that Aspen had overstated APC’s account by approximately $24,467.69 and that “[t]here is a strong possibility that the total number is higher since, at the end of 2004, [an' APC salesperson] began to sell Aspen product for a competing vendor ... in addition to APC. Since she was selling for two vendors from that period through early 2005, there is a decent chance that invoices which were charged to APC during that period of time were for sales which [the salesperson] accomplished through [the other vendor] but which were incorrectly debited to APC’s account.” APC stated that discovery and formal litigation would be necessary to resolve the disputes over the noncredited items and possible incorrect charges to the account.
The evidence APC submitted to establish a meritorious defense was not intended to establish that there existed no genuine issue of material fact and that the amount that APC owed to Aspen had been determined. In fact, the entire tenor of *669 the Rule 60(b) motion was that APC had more than one meritorious defense to the claim that it owed Aspen over $65,000. In addition to the specifically demonstrated credits totaling approximately $24,467.69, APC alluded to other possible defenses that could be resolved only through discovery and, ultimately, litigation. APC established that it had evidence that, if believed, would constitute a meritorious defense to Aspen’s claim and would reduce the amount of money claimed to be owed by a considerable, but not yet precisely determined, amount. Thus, APC established that it had a meritorious defense to Aspen’s claim.
In order for Aspen to be entitled to a summary judgment in its favor for $46,642.60, the trial court would have had to have determined that there existed no genuine issue of material fact regarding the amount of money owed by APC to Aspen. Rule 56(c)(3). As APC argues, if the trial court construed its 60(b) motion as a Rule 56 motion, the trial court did so without notice to APC and without any authority that a Rule 60(b) motion, like a Rule 12(b)(6), Ala. R. Civ. P., motion, can be converted to a motion for a summary judgment filed pursuant to Rule 56. See Rule 12(b) (stating specifically that if matters outside the pleadings are presented to and not excluded by the court on a Rule 12(b)(6) motion, that motion shall be treated as a motion for a summary judgment filed pursuant to Rule 56), and Moore v. Prudential Residential Servs. Ltd. P’ship, 849 So.2d 914, 926 (Ala.2002) (stating that a trial court must give notice of its intent to treat a motion to dismiss as a motion for a summary judgment and reversing a summary judgment when neither party had moved for a summary judgment). At no point did APC admit to owing a certain amount of money to Aspen, and at no point did Aspen demonstrate that no genuine issue of material fact existed with regard to the $46,642.60 that the trial court awarded to Aspen in its judgment. Based on the pleadings and evidentiary submissions before the trial court, which, as noted above, were intended to establish that APC had a meritorious defense to Aspen’s claim, this case was about nothing but disputed facts regarding the amount of money owed by APC to Aspen.
We fail to see how the trial court concluded that a judgment for $46,642.60 in favor of Aspen was appropriate when the ease was in the posture it was at the time the judgment was entered. The trial court simply had no basis upon which to determine that the entry of what appears to be a summary judgment was warranted. The entry of what amounts to a summary judgment without either party having actually moved for such a judgment and when the evidence does not support a conclusion that one party was entitled to a judgment as a matter of law is reversible error. Moore, 849 So.2d at 927. Accordingly, we reverse the judgment of the trial court insofar as it entered a judgment for $46,642.60 in favor of Aspen and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.