The defendant below, Clifford Bennett, appeals from the circuit court's denial of his motion to set aside a default judgment entered against him. Because Bennett *Page 936 
has not shown a valid meritorious defense, because he has not shown that the plaintiff will not be prejudiced if his motion were granted, and because he has not shown that the default was not a result of his own culpable conduct, we conclude that he failed to show that the trial court exceeded its discretion in denying the motion to set aside the default judgment.
The facts of this case are undisputed. On April 26, 2006, Mortgage Electronic Registration Systems, Inc. ("MERS"), filed a complaint seeking to recover possession of certain real property from Bennett pursuant to § 6-6-280, Ala. Code 1975. Bennett owned a tract of land in Adamsville ("the property"). The complaint alleged that MERS had purchased the property at a foreclosure sale and that Bennett had refused to give MERS possession of the property after MERS demanded possession in writing.
The record shows that Bennett was served pursuant to Rule 4, Ala. R. Civ. P., on May 21, 2006. Bennett did not file an answer, a motion pursuant to Rule 12, Ala. R. Civ. P., or any other responsive pleading. On June 22, 2006, 32 days after Bennett had been served, MERS filed an application for entry of default and submitted a supporting affidavit. The record shows that a "no answer notice" was issued to Bennett on June 23, 2006. On July 5, 2006, the trial court ordered that a default judgment be entered and rendered against Bennett for MERS's immediate possession of the property and that the clerk "immediately issue a Writ of Possession in favor of [MERS] and against [Bennett]."
On July 27, 2006, Bennett filed a motion to set aside the default judgment and to dismiss the action. The motion and its supporting exhibits did not show any reason why Bennett had failed to answer or otherwise file a response to the complaint. As his only ground for the motion, Bennett asserted that the trial court lacked jurisdiction "because of two prior dismissed cases." Bennett asserted that MERS had filed actions against him for possession of the property on two prior occasions: case no. CV-02-7355 and case no. CV-03-7621. Bennett submitted documents showing that case no. CV-02-7355 had been dismissed without prejudice on June 23, 2004, and that case no. CV-03-7621 had been dismissed without prejudice by order of the circuit court on May 10, 2004.[1] Bennett argued that the default judgment should be set aside and the case dismissed based on the following language in Rule 41(a)(1), Ala. R. Civ. P., which governs voluntary dismissals by the plaintiff or by stipulation of the parties:
 "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of Alabama, or of the United States, or of any state, an action based on or including the same claim."
To support his argument, Bennett cited Rule 41(a)(1) and the dissenting opinion of Justice Maddox in Ex parte Lynn,681 So.2d 140 (Ala. 1996).
MERS responded, and after a hearing at which no transcript was taken, the trial court denied Bennett's motion. Regarding *Page 937 
Bennett's argument that he had a meritorious defense under Rule 41(a)(1), Ala. R. Civ. P., the trial court found that "the prior dismissals [were] by participation of the court or by agreement of the parties," and that there had "been no dismissal with prejudice as provided in Rule 41(a)." Bennett filed a timely notice of appeal to the Alabama Supreme Court, and the appeal was transferred to this court pursuant to § 12-2-7(6), Ala. Code 1975.
This court reviews the denial of a motion to set aside a default judgment to determine whether the trial court exceeded its discretion. See Rudolph v. Philyaw, 909 So.2d 200,202 (Ala.Civ.App. 2005); and Martin v. Crumpton,883 So.2d 700, 703 (Ala.Civ.App. 2003).
 "A trial court has broad discretion in deciding whether to grant or deny a motion to set aside a default judgment. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala. 1988). . . . That discretion, although broad, requires the trial court to balance two competing policy interests associated with default judgments: the need to promote judicial economy and a litigant's right to defend an action on the merits. 524 So.2d at 604."
Zeller v. Bailey, 950 So.2d 1149, 1152 (Ala. 2006). This court has explained the following principles that guide our review of the trial court's decision:
 "Our supreme court has held that the trial court's use of discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment. Johnson v. Moore, 514 So.2d 1343 (Ala. 1987). Our supreme court has also established guidelines to assist a trial judge in exercising his discretion.
 "`"[A] trial court's broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct."
 "`Kirtland, 524 So.2d [600] at 605
[(Ala. 1988)].'
 "Martin v. Crumpton, 883 So.2d 700, 703
(Ala.Civ.App. 2003)."
Rudolph, 909 So.2d at 202-03. "The law in Alabama is clear that the defaulting party has the initial burden of demonstrating the existence of the Kirtland factors."Id. at 203 (citing Ex parte Family DollarStores, 906 So.2d 892, 899-900 (Ala. 2005); Phillips v.Randolph, 828 So.2d 269, 278 (Ala. 2002); andKirtland, 524 So.2d at 605-608).
Regarding the first Kirtland factor, after reviewing Rule 41(a), Ala. R. Civ. P., we find that the trial court did not exceed its discretion in finding that Bennett did not have a meritorious defense under that rule. Initially, we note that Bennett quotes as authority Justice Maddox's dissenting opinion in Ex parte Lynn, 681 So.2d 140 (Ala. 1996), in which the appellant had petitioned the supreme court for a writ of certiorari. Before this court, the appellant in Ex parteLynn had argued that, under Rule 41(a), Ala. R. Civ. P., the trial court lacked jurisdiction due to the dismissals of two prior actions. This court noted that the prior dismissals had been entered by order of the court pursuant to Rule 41(a)(2), and not Rule 41(a)(1), and, for procedural reasons, declined to address the argument further. Lynn v. Nelson,681 So.2d 138 (Ala.Civ.App. 1995). The supreme court quashed the writ of certiorari without an opinion; all the Justices except Justice Maddox concurred. *Page 938 681 So.2d 140. It is axiomatic that dissenting opinions are not precedential authority. We therefore do not find Justice Maddox's dissenting opinion, on which Bennett relies, to be persuasive.
Regarding the so-called "two-dismissal rule" stated in Rule 41(a)(1), on which Bennett bases his argument, a close reading reveals that the rule applies when the second dismissal is by "a notice of dismissal" pursuant to that subsection, not a dismissal by the court pursuant to Rule 41(a)(2). Because we can find no Alabama case specifically interpreting the two-dismissal rule, we look to cases interpreting the analogous federal rule for guidance.[2] As the United States Court of Appeals for the Eleventh Circuit has explained:
 "In construing the two dismissal rule, we look to the plain language of the rule and read it as a whole, being mindful of the linguistic choices made by the drafters. See FDIC v. Lacentra Trucking, Inc., 157 F.3d 1292, 1302 (11th Cir.1998), cert. dismissed, [526] U.S. [1083], 119 S.Ct. 1493, 143 L.Ed.2d 575 (1999). We take care not to construe the rule too broadly, as it `is an exception to the general principle, contained in Rule 41(a)(1) and honored in equity prior to the adoption of the Federal Rules, that a voluntary dismissal of an action does not bar a new suit based upon the same claim.' Poloron Products, Inc. v. Lybrand Ross Bros. Montgomery, 534 F.2d 1012, 1017 (2d Cir.1976).
 "The two dismissal rule does not state the specific means by which the first dismissal must have been obtained to implicate the rule. It does, however, state the rule is implicated when `a plaintiff . . . has once dismissed' a claim. Rule 41(a)(1), in which the two dismissal rule appears, provides for dismissal by a plaintiff without order of court by the filing of a timely notice of dismissal or a stipulation of dismissal signed by all parties. Dismissal on plaintiff's motion and by order of court, on the other hand, is provided for in Rule 41(a)(2). Rule 41(a)(1) and Rule 41(a)(2) each ends with a sentence explaining the effect of dismissal obtained under their respective provisions. For Rule 41(a)(1), that last sentence includes the two dismissal rule. There is no two dismissal rule set out in Rule 41(a)(2) and we see no basis for reading the two dismissal rule to apply where the first dismissal is achieved by motion and order of the court. Although dismissal under Rule 41(a)(2) is, as the rule says, `at the plaintiff's instance,' the actual dismissal is by the court and therefore does not implicate the Rule 41(a)(1) two dismissal rule.
 "Although not pivotal to our analysis, our conclusion is further supported by consideration of the purpose of the Rule 41(a)(1) two dismissal rule. `[T]he primary purpose of the "two dismissal" rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading.' Poloron Products, Inc., 534 F.2d at 1017
(citations omitted); see also American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir.1963) ('The reason for this arbitrary limitation [set out in the two-dismissal rule] . . . is to prevent unreasonable abuse and harassment.'). A dismissal obtained by motion and order of the court under Rule 41(a)(2) or similar state rule is not unilateral and does not *Page 939 
pose the same danger of abuse or harassment as does a Rule 41(a)(1) dismissal by plaintiff's notice. In ruling on such motions, a court has discretion to determine whether the dismissal will be with or without prejudice and with or without conditions based on its view of the case and the plaintiff's actions."
ASX Inv. Corp. v. Newton, 183 F.3d 1265, 1267-68 (11th Cir.1999) (footnotes omitted).
The reasoning of ASX Investment Corp. v. Newton is persuasive regarding the application of the two-dismissal rule when, as here, the second or subsequent dismissal is by order of the court. As that opinion points out, the two-dismissal rule of Rule 41(a)(1) applies when the second dismissal is by the plaintiff or by stipulation of the parties pursuant to that subsection, not by order of the court pursuant to Rule 41(a)(2). In other words, there is no reason to read the two-dismissal rule of Rule 41(a)(1) as applying to dismissals under Rule 41(a)(2). Here, because the second dismissal was by order of the court, and thus pursuant to Rule 41(a)(2), the two-dismissal rule stated in Rule 41(a)(1) does not apply. Bennett, therefore, has not stated a meritorious defense sufficient to support the first Kirtland factor. Accordingly, the trial court did not exceed its discretion in denying Bennett's motion.
Additionally, it is apparent from the record that Bennett did not present any argument to the trial court regarding the second and third Kirtland factors: whether MERS would be unfairly prejudiced and whether the default was a result of his own culpable conduct. On appeal, Bennett cites cases containing general propositions of law regarding the second and thirdKirtland factors and makes only bare factual assertions as to those factors. Because Bennett bears the "initial burden of demonstrating the existence of the Kirtland
factors," Rudolph, 909 So.2d at 203, and because he failed to make at least a prima facie showing as to these factors, the trial court did not exceed its discretion in denying Bennett's motion to set aside the default judgment.See Phillips, 828 So.2d at 278-79.
Based on the foregoing, it is apparent that, before the trial court and on appeal, Bennett has failed to make a showing as to each of the Kirtland factors. We therefore find that the trial court did not exceed its discretion in denying Bennett's motion to set aside the default judgment. The trial court's decision, therefore, is due to be affirmed.
AFFIRMED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
[1] In footnotes 1 and 7 of his brief on appeal, Bennett states that MERS filed a third action against him that was dismissed "by its voluntary conduct." Bennett states that evidence of this third case was not made a part of the record on appeal and that that evidence was the subject of his motion to supplement the record on appeal. However, this court has no record of a motion to supplement, and the record contains no evidence of this third action.
[2] This court has recognized that "[c]aselaw construing the federal analogue of Rule 41(a) . . . is `highly persuasive when we are called upon to construe the Alabama rules.'" Havis v.Marshall County, 802 So.2d 1101, 1104 (Ala.Civ.App. 2001) (quoting Wilson v. First Union Nat'l Bank of Ga.,716 So.2d 722, 726 (Ala.Civ.App. 1998)).
 *Page 773