PITTMAN, Judge.
Camping World, Inc., appeals from a judgment of the Coffee Circuit Court denying its motion to set aside a default judgment entered against it in favor of Michael McCurdy.
On April 26, 2011, McCurdy initiated a civil action naming Camping World as a defendant. Camping World was served with McCurdy’s complaint on May 13, 2011. On June 21, 2011, McCurdy filed a motion under Rule 55(a), Ala. R. Civ. P., seeking the entry of a default judgment against Camping World. On June 27, 2011, the trial court granted McCurdy’s motion and entered a default judgment against Camping World. On July 8, 2011, the attorneys for Camping World appeared in the action. On July 20, 2011, Camping World filed a motion to set aside the default judgment pursuant to Rule 55(c), Ala. R. Civ. P., which motion included supporting affidavits. McCurdy did not file anything in opposition to, or otherwise respond to, Camping World’s motion.
On October 3, 2011, the trial court heard oral arguments on the motion to set aside the default judgment and, thereafter, denied the motion, stating that the motion had not been supported by “competent proof’ that Camping World had a meritorious defense to the action. Camping World timely appealed.
McCurdy’s complaint alleged that Camping World had negligently handled and damaged a recreational vehicle belonging to him that he had taken to Camping World’s facility for repairs. The complaint sought damages in the amount of $50,000 and $299.04 in court costs. In its motion to set aside the default judgment, Camping World contended that it *740 was not the proper defendant to have been named in the complaint and, as support for that contention, submitted the affidavits of Brent Moody, a vice president of Camping World, and Gary Clifton, a senior claims representative at Gallagher Bassett Services, Inc. (“Gallagher Bassett”). The affidavits, Camping World asserted, amounted to evidence establishing a meritorious defense, demonstrated that Camping World should not be held responsible for not having answered the complaint, and showed that McCurdy would not be prejudiced if the trial court granted Camping World’s Rule 55(c) motion. Clifton’s affidavit, in particular, was supported by correspondence between Clifton and McCurdy’s attorney to show that settlement negotiations between Clifton and McCurdy’s attorney had commenced sometime before March 25, 2011. A copy of a letter to McCurdy’s attorney from Clifton dated June 15, 2011, less than one week before McCurdy sought the entry of a default judgment, expressly indicated that Clifton had engaged in the settlement negotiations on behalf of Emerald Coast Recreational Vehicle Centers, LLC, doing business as Camping World R.V. Sales (“ECRVC”), an affiliate of Camping World, and set forth a settlement offer.
On appeal, Camping World contends that Alabama caselaw dictates that the trial court should have granted its motion to set aside the default judgment. Specifically, Camping World raises two issues on appeal. The first issue on appeal is whether the trial court acted outside its discretion in denying Camping World’s motion to set aside the default judgment based on that court’s conclusion that Camping World had failed to establish “competent proof’ of a meritorious defense. The second issue is whether the trial court should have granted Camping World’s motion to set aside the default judgment after weighing the factors set out in Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala.1988).
It is well settled that trial courts are afforded discretion to determine whether to set aside a default judgment; a trial court’s decision in that regard will not be reversed unless the record reveals that the trial court acted outside that discretion. See Bennett v. Mortgage Elec. Registration Sys., Inc., 966 So.2d 935 (Ala.Civ.App.2007).
“ ‘A trial court has broad discretion in deciding whether to grant or deny a motion to set aside a default judgment. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala.1988).... That discretion, although broad, requires the trial court to balance two competing policy interests associated with default judgments: the need to promote judicial economy and a litigant’s right to defend an action on the merits. 524 So.2d at 604.’
“Zeller v. Bailey, 950 So.2d 1149, 1152 (Ala.2006). This court has explained the following principles that guide our review of the trial court’s decision:
“ ‘Our supreme court has held that the trial court’s use of discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment. Johnson v. Moore, 514 So.2d 1348 (Ala.1987). Our supreme court has also established guidelines to assist a trial judge in exercising his discretion.’
“ ‘ “ ‘A trial court’s broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the *741 plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.’
“ ‘ “Kirtland, 524 So.2d [600] at 605 [ (Ala.1988) ].”
“ ‘Martin v. Crumpton, 883 So.2d 700, 703 (Ala.Civ.App.2003).’
“Rudolph [v. Philyaw ], 909 So.2d [200] at 202-03 [(Ala.Civ.App.2005) ]. ‘The law in Alabama is clear that the defaulting party has the initial burden of demonstrating the existence of the Kirtland factors.’ Id. at 203 (citing Ex parte Family Dollar Stores, 906 So.2d 892, 899-900 (Ala.2005); Phillips v. Randolph, 828 So.2d 269, 278 (Ala.2002); and Kirtland, 524 So.2d at 605-608).”
Bennett, 966 So.2d at 937.
When reviewing a trial court’s ruling on a Rule 55(c), Ala. R. Civ. P., motion and considering the Kirtland factors, we keep in mind that, “[although Rule 55(c), [Ala.] R. Civ. P., vests the trial court with discretion in ruling on a Rule 55(c) motion, Article I, §§ 6, 10, and 13, of the Alabama Constitution of 1901 requires that a trial court exhibit a large and liberal discontent against adjudication of rights by default.” Sanders v. Weaver, 583 So.2d 1326, 1328 (Ala.1991). In ruling on a Rule 55(c) motion, a trial court “must begin with the presumption that a litigant has a paramount right to defend on the merits and that, therefore, cases should be resolved on the merits whenever practicable.” Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610, 613 (Ala.1988).
The first issue raised by Camping World is whether the trial court acted outside its discretion by denying Camping World’s Rule 55(c) motion based on its conclusion that Camping World had not established “competent proof’ of a meritorious defense. The evidence provided by Camping World tended to show that Camping World had been improperly named in the lawsuit. According to Camping World, the proper defendant in the action was, instead, ECRVC, because ECRVC, an affiliate of Camping World, had operated the repair facility to which McCurdy had taken his vehicle to be repaired; despite the affiliation and similar names, ECRVC and Camping World are separate entities, and Camping World contended that ECRVC was the only entity entrusted with the care and repair of the vehicle. Moody testified in his affidavit that ECRVC, not Camping World, had entered into a contract to perform work on McCurdy’s vehicle. Additionally, a letter from Gallagher Bassett to McCurdy’s counsel, which was attached as an exhibit to Clifton’s affidavit, expressly stated that Gallagher Bassett had engaged in settlement negotiations with McCurdy’s counsel solely in its capacity as a claims representative on behalf of ECRVC and not on behalf of Camping World. McCurdy offered no evidence to rebut Camping World’s position that it had been improperly named in the lawsuit, except to state that McCurdy had directed payment for the repairs to Camping World. The record does not include a copy of a check or other form of payment; in any event, evidence of McCurdy’s purported payment to “Camping World” would not have necessarily undermined, much less disposed of, Camping World’s argument that it had not been the entity with whom McCurdy had contracted for repair work because such payment very well may have been directed to ECRVC, which does business as Camping World RV Sales. In his brief to this court, McCurdy states that Gallagher Bas-sett had engaged in settlement negotiations with McCurdy’s attorney on behalf of Camping World, which is inconsistent with the written correspondence between Clif *742 ton and McCurdy’s attorney, which, as noted, was attached as an exhibit to Clifton’s affidavit.
We conclude that the evidence submitted by Camping World in support of its motion to set aside the default judgment was sufficient to establish a meritorious defense, and, thus, this Kirtland factor weighs in favor of granting its motion to set aside the default judgment. Alabama Pain Consultants, LLC v. Aspen Medical Products, Inc., 963 So.2d 666 (Ala.Civ.App.2007) (upon which Camping World relied in its motion to set aside and in its brief on appeal), “ ‘a defaulting party has satisfactorily made a showing of a meritorious defense when allegations ... in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the actions....’” 963 So.2d at 668 (quoting Kirtland, 524 So.2d at 606). In this case, if Camping World’s allegation that it had not undertaken any duty to McCurdy is proven at trial, it would operate as a complete defense to McCurdy’s claims; moreover, Camping World’s evi-dentiary showing in support of its position was not challenged by McCurdy. Because Camping World sufficiently demonstrated the existence of a meritorious defense, this Kirtland factor weighs in favor of granting the motion to set aside the default judgment, and the trial court erred in denying the motion based on its determination that Camping World had not presented evidence of a meritorious defense.
Next, we must address the remaining issue on appeal — whether the remaining two Kirtland factors weigh in favor of granting Camping World’s motion and, thus, support reversing the trial court’s judgment. See Kirtland, 524 So.2d at 605. First, we conclude that McCurdy would not have been prejudiced by the trial court’s setting aside the default judgment. McCurdy did not argue in the trial court that he would be prejudiced, and he does not contend that he would be prejudiced in his brief on appeal.
Second, we conclude that any culpability on the part of Camping World relating to Camping World’s failure to answer the complaint is not sufficient to support the trial court’s denial of Camping World’s Rule 55(c) motion in light of the evidence satisfying the first two Kirtland factors. As to the third Kirtland factor relating to culpability, we must consider whether Camping World, the defaulting party, acted willfully or in bad faith, 524 So.2d at 607, and, in resolving that issue, we look to Sanders in which a similar situation was addressed. In Sanders, the record revealed that an answer had not been filed due to the negligence of the defendant’s insurer’s claims representative, “not [due] to willful disregard of court rules.” 583 So.2d at 1329.
In this case, the record includes uncontested evidence indicating that Camping World expected Clifton, acting on behalf of ECRVC, to inform McCurdy that ECRVC, not Camping World, should have been named in the action and to negotiate a settlement or, if necessary, proceed with litigation on behalf of ECRVC. Whether Camping World’s failure to file an answer was the result of Clifton’s good-faith belief that the ongoing settlement negotiations with McCurdy’s attorney obviated the need to answer the complaint or was the result of Clifton’s inaction, such failure was, at worst, negligence; the correspondence between Clifton and McCurdy’s attorney regarding a settlement, especially Clifton’s letter dated June 15, 2011, extending a settlement offer to McCurdy’s attorney, demonstrates that Clifton was actively trying to settle the case, which, in turn, suggests that the failure to file an *743 answer was based on Clinton’s good-faith belief that he would reach a settlement on behalf of ECRVC. Because “[n]egligence by itself is insufficient for refusing to grant a Rule 55(c) motion,” Sanders, 583 So.2d at 1328, and in light of the evidence satisfying the first two Kirtland factors, we conclude that the trial court acted outside its discretion by denying Camping World’s Rule 55(c) motion.
REVERSED AND REMANDED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.