This is an appeal from a denial of an A.R.Civ.P. 60 (b) motion, which motion sought to set aside a default judgment against Lightner Investigators, Inc., and Tom Elliott (Defendants/Appellants) in the amount of $125,000. We reverse and remand.
Sandy Craig, an employee of Lightner Investigators, Inc., purportedly received instructions from Mary Redmond, an employee of Chrysler Credit Corporation, to repossess a vehicle in the possession of Lucy Goodwin and subject to a valid security interest held by Chrysler. On October 7, 1982, Tom Elliott, an employee of Lightner Investigators, Inc., acting pursuant to Craig's instructions, went to Haleyville, Alabama, located and took possession of the vehicle, and then towed the automobile to a local Chrysler dealership.
Subsequently, Craig received a summons and complaint. The complaint sought damages for trespass to land and personal property and for conversion. Named as Defendants were Chrysler Credit, Mary Redmond, Lightner Investigators, and Tom Elliott. At the hearing on Appellants' motion to set aside the default judgment, Craig testified that Mary Redmond informed him that Chrysler's lawyer would "handle the whole matter." Later, Redmond assured Craig that Chrysler Credit's lawyer would call Craig and make arrangements for Craig and Tom Elliott to give a deposition at his office. *Page 681 
Craig testified that he thereafter received notice of the default judgment against Lightner Investigators and Tom Elliott, awarding damages in the amount of $125,000. He then called Mary Redmond for an explanation. Redmond notified Craig that the lawyer for Chrysler Credit could not represent Lightner Investigators or Tom Elliott because of a potential conflict of interest. Lightner and Elliott then retained separate counsel, and moved, within 30 days of entry of judgment, to set aside the entry of default, made pursuant to Rule 55, A.R.Civ.P. From an adverse ruling, they appeal following certification pursuant to A.R.Civ.P. 54 (b).
The standard of review here applicable is whether the trial judge abused his discretion in refusing to set aside the default. In Oliver v. Sawyer, 359 So.2d 368 (Ala. 1978), Justice Shores, writing for the majority, said:
 "It is a primary principle of the Alabama Rules of Civil Procedure that the parties to an action should be afforded a prompt and fair trial upon the merits. It is because of this principle that default judgments are not favored, and, while the trial court has discretion to grant such judgments, we have frequently held that this exercise of discretion should be resolved in favor of the defaulting party where there is doubt as to the propriety of a default judgment. Knight v. Davis, 356 So.2d 156 (Ala. 1978); Welch v. G.F.C. Credit Corp., 336 So.2d 1346
(Ala.Civ.App. 1976)." 359 So.2d at 369-70.
In this case, Sandy Craig presented uncontroverted testimony that, as a result of several conversations with Mary Redmond of Chrysler Credit, he reasonably believed and relied on her representation that all defendants would be represented by the lawyer for Chrysler Credit. After default, Appellants took prompt and diligent measures to secure defense counsel. Counsel promptly filed a motion to set aside the default judgment. In our view, to let the default judgment stand under the circumstances of this case would create a hardship and a potential injustice on Appellants. They had a right to rely on, and it was reasonable for them to rely on, the representations made by an employee of Chrysler Credit.
Central to our consideration is the relationship of Appellants and Chrysler Credit as that relationship bears on Appellants' allegations of a meritorious defense — a requisite to Appellants' Rule 60 (b) motion to set aside the default judgment. Appellee contends that that relationship, as an element of Appellants' defense, is reduced to relative insignificance because of Chrysler Credit's allegations, by way of answer to Plaintiff's complaint, that Appellants were acting as independent contractors and not as its agents.
This argument is misplaced. First, the default denied Appellants the opportunity to contradict this charge; second, and more importantly, Appellants' good faith conduct in effecting the repossession of Plaintiff's automobile is not necessarily dependent upon whether Appellants were independent contractors or Chrysler Credit's agents. In either relationship, whether Appellants acted in accordance with Chrysler Credit's instruction, or exceeded that authority in taking Plaintiff's property, is material in fixing joint or several liability, if any, as between Appellants and Chrysler Credit. It is the denial of this opportunity of proof, coupled with the potential loss of any cross-claim against Chrysler Credit, that weighs heavily in our decision to remand this cause and permit Plaintiff's claim to proceed against all original Defendants. To rule otherwise, where, as here, Appellants' failure to appear is reasonably excusable, is to risk a substantial injustice.
Therefore, because we find that the trial court abused its discretion in failing to set aside the default judgment, we reverse the judgment, and remand this cause to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur. *Page 682