PARKER, Justice.
Adam Dan Hilyer appeals from the order of the Elmore Circuit Court (“the circuit court”), following this Court’s remand of the case, denying Hilyer’s motion filed pursuant to Rule 55(c), Ala. R. Civ. P., to *16 set aside the default judgment entered against him and in favor of Betti Fortier, individually and as mother and next friend of M.M., a minor. For the reasons explained below, we reverse and remand.
Facts and Procedural History
This case has previously been before this Court. See Hilyer v. Fortier, 176 So.3d 809 (Ala. 2015)(“Hilyer I“). The following facts from Hilyer I are pertinent to our review:
“On the evening of July 29, 2013, Hi-lyer was backing a tractor-trailer rig used to transport logs into his private driveway on Kennedy Avenue. At the time, Hilyer was blocking both lanes of traffic on Kennedy Avenue. M.M., a minor, was driving Fortier’s van and was traveling westbound on Kennedy Avenue. B.D., M.M.’s brother; R.W., M.M.’s flaneé; and B.H., a friend of B.D.’s, were also in the vehicle with M.M. M.M.’s vehicle collided with Hilyer’s trailer, and M.M. sustained injuries.
“On October 30, 2013, Fortier, individually and as the mother and next friend of M.M., sued Hilyer, asserting claims of negligence and wantonness. In her complaint, Fortier alleged that, at the time of the accident, it was dark and that Hilyer’s tractor-trailer was blocking both lanes of travel on Kennedy Avenue, which caused M.M.’s vehicle to collide with the trailer. Fortier alleged:
“1. That Hilyer negligently and wantonly blocked both lanes of travel on Kennedy Avenue in the dark while attempting to back the tractor-trailer rig into his private driveway;
“2. That Hilyer negligently and wantonly failed to give adequate warnings to motorists approaching on Kennedy Avenue that the tractor-trailer rig was blocking both lanes of travel on Kennedy Avenue;
“3.' That Hilyer negligently and wantonly failed to have adequate and/or proper lighting on the truck and/or the trailer.
“4. That Hilyer negligently and wantonly violated certain provisions of the Alabama Rules of the Road.
“A summons and a copy of the complaint were served on Hilyer by certified mail on November 6, 2013. On January 27, 2014, Fortier filed a motion for a default judgment against Hilyer and requested a hearing on damages.
“On January 28, 2014, the trial court entered an order granting Fortier’s motion for a default judgment and stating: ‘Damages to be proven by affidavit and proposed judgment in 15 days.’ Subsequently, Fortier submitted a ‘proposed judgment,’ in which she requested that the trial court enter a judgment against Hilyer in the amount of $550,000 and ‘to find that the proposed settlement of the claim of the minor, M.M. is just, fair, reasonable, in keeping with the evidence, and is in the minor’s best interest.’ In support of her request, Fortier attached an affidavit from her counsel regarding the injuries sustained by M.M. and the expenses that had been incurred as a result of those injuries.
“On February 12, 2014, the trial court entered a judgment against Hilyer in the amount of $550,000 and found ‘that the proposed settlement of the claim of the minor, M.M. is just, fair, reasonable, in keeping with the evidence, and is in the minor’s best interest.’
“On March 7, 2014, Hilyer filed a motion to set aside the default judgment pursuant to Rule 55(c), Ala. R. Civ. P.[1] *17 In his motion, Hilyer addressed the requirements for setting aside a default judgment set forth in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988). He also attached to his motion his affidavit; an affidavit from his neighbor, Wyman Earl Jackson, who witnessed the accident; an affidavit from Roberto Lozano, a claims manager for Alteris Insurance Services (‘Alteris’), which was the third-party administrator for Hilyer’s commercial-insurance policy; letters Fortier’s counsel had sent to Lozano; an affidavit from Christopher Wyatt, an employee of Crawford & Company, which Alteris had hired to investigate the accident; copies of letters Wyatt had sent to Fortier’s counsel; and a copy of a letter Fortier’s counsel had sent to Wyatt after the default judgment had been entered.”
The affidavits Hilyer attached to his Rule 55(c) motion to set aside the default judgment contain facts pertinent to our review in the present case. In Hilyer’s affidavit, Hilyer stated that he backed the tractor-trailer rig into his driveway at least twice a week for six years before the accident. He stated that his general practice in backing the tractor-trailer rig into the driveway was to drive past his driveway, stop, turn on the four-way flashers, make sure that the road was clear, and back into his driveway. According to Hilyer, the stretch of road in front of his house was never very busy, and, on most occasions, he stated, he did not see any vehicles while backing the tractor-trailer rig into his driveway.
Additionally, according to Hilyer’s affidavit, on the night of the accident, Hilyer followed his general practice of backing into his driveway. Hilyer stated that he stopped after passing his driveway and turned on the four-way flashers. He further stated that he looked in all directions and, not seeing any vehicles approaching, began backing into his driveway.
Hilyer also stated that, at some point, he saw a minivan coming toward his tractor-trailer rig. According to Hilyer, the driver of the minivan should have seen his tractor-trailer rig. Hilyer stated that there was a streetlight behind his tractor-trailer rig, that the four-way flashers were on, and that there was reflective tape running along the length of the side of the trailer. According to Hilyer, he flashed his lights to get the driver’s attention but the minivan crashed into the tractor-trailer rig. Hilyer stated that the minivan appeared to be going well over the 35 m.p.h. speed limit.
According to Hilyer, he notified his insurance agent at Ledkins Insurance Agency (“Ledkins”) of the accident on July 30, 2013, the day after the accident. Hilyer stated that, based on that conversation, it was his understanding that his insurance company was investigating the accident and would defend him if a lawsuit was filed against him.
In the affidavit filed by Hilyer’s neighbor, Wyman Earl Jackson, Jackson stated that on the night of the accident the headlights on the tractor-trailer rig were on. Jackson further stated that the hazard lights began flashing once Hilyer began backing the rig into his driveway. According to Jackson, he saw the minivan approach, and it appeared to Jackson that the minivan was going faster than the 35 m.p.h. speed limit. Jackson stated that, as the minivan approached, Hilyer flashed the *18 headlights on the tractor-trailer rig and honked the horn. Jackson further stated that there were reflectors on the trailer.
In Roberto Lozano’s affidavit, Lozano, á claims adjuster for Alteris Insurance Services, stated that Sparta Insurance (“Sparta”) had issued Hilyer a commercial automobile policy that was in effect on the day of the accident. Lozano stated that, on July 30, 2013, Ledkins reported a claim arising out of the accident involving Hilyer and that, as a result, Lozano established a claim number for Hilyer’s claim. Lozano further stated that, on August 2, 2013, he hired Crawford & Company, a property and casualty company, to investigate the accident. • >
Lozano stated that he intended to assign responsibility for Hilyer’s claim to another Alteris adjuster and that, thinking he had done so, he did not monitor Hilyer’s claim.' Lozano stated that, because of his belief that he had assigned the ease to another Alteris adjuster, he did not read or respond to any further correspondence he received from Fortier’s counsel. According to Lozano, when the default judgment against Hilyer was brought to his attention, he realized that he had not assigned the claim to another adjuster as he had thought he had done. He stated that he then retained counsel and that “had [he] realized sooner a complaint had been filed, [he] would have immediately retained counsel to defend-Hilyer.”
The letters from Fortier’s counsel Hi-lyer attached to his Rule 55(c) motion also include facts pertinent to our review of the ruling before us. One letter, a letter-from Fortier’s counsel to Lozano dated August 8, 2013, indicates that counsel was representing Fortier with reference to the accident and requested, among other things, that future correspondence be sent to her. It is undisputed that Lozano read this letter, but the letter does not mention an intent to- file a lawsuit against- Hilyer. Another letter from Fortier’s counsel to Lo-zano, dated October 31, 2013, references a complaint filed against Hilyer in the circuit court. A third letter from Fortier’s- counsel to Lozano, dated January 2, 2014, advises Lozano, among other things, that an answer had not yet been filed on Hilyer’s behalf. On January:28, 2014, the circuit court entered the default judgment.
On March 7, 2014, the same day Hilyer filed his motion to set aside the default judgment, Hilyer filed his answer to Fortier’s complaint and asserted affirmative defenses.
“The trial court subsequently entered an order setting a hearing on Hilyer’s motion to set aside the default judgment,
“On April il, 2014, Fortier filed her opposition to Hilyer’s motion to set aside. In support of her opposition, For-tier attached her. affidavit; affidavits from M.M., B.D., and R.W.; an affidavit -from Marc McHenry, ■ an investigator with Fortier’s counsel’s law firm; copies of correspondence from Fortier’s counsel; an 'affidavit from Fortier’s counsel; and an affidavit from Shannon Rattan, the secretary for Fortier’s counsel.”
Hilyer I, 176 So.3d at 812.
The affidavits Fortier attached to her motion opposing Hilyer’s Rule 55(c) motion contain facts pertinent to our review in the present case. In M.M.’s affidavit, M.M. stated that she had slowed to 20 m.p.h. before the accident. She stated that shé never heard a horn or saw any lights, flashers,' or reflectors before the accident. In B.D.’s affidavit, B.D. stated that there were no lights on the tractor or the trailer on the night of the accident. B.D. stated that there was no warning that the tractor-trailer rig was blocking the lane in which they were traveling. In R.W.’s affidavit, R.W. stated that the reflectors on the trailer were “dirty,” R.W. also stated > that, *19 while waiting to leave the scene of the accident, he ran his hand along the side of the trailer. According to R.W., when he ran his hand along the side of the trailer, he felt dirt, rust, and chipped paint.
In Marc McHenry’s affidavit, McHenry, an investigator for Fortier’s counsel’s law firm, stated that he spoke with Lozano on August 7, 2013. According to McHenry; he asked Lozano if he could inspect the tractor and the trailer -as soon as possible. McHenry stated that Lozano told him that he, Lozano, had authority to allow McHen-ry to see the tractor and trailer but that McHenry needed to, communicate with Christopher Wyatt, the investigator hired by Crawford,&.Company to investigate the accident. McHenry stated that he contacted Wyatt, who, in turn, stated that he would continue to try to make contact with Hilyer to coordinate McHenry’s inspection of the tractor-trailer rig. McHenry stated that he spoke to Hilyer about accessing the tractor-trailer rig; however, Hilyer apparently directed McHenry to Wyatt.
McHenry stated that, during a conversation he had with Wyaft on September 18, 2013, Wyatt stated that he had already inspected and photographed the tractor and trailer. According to McHenry, Wyatt also told him that the tractor was repaired two days after the accident. McHenry stated that he sent an e-mail to Wyatt requesting copies of the photographs of the tractor, the trailer, and the parts that were removed but that he never received a response.
Finally, in her affidavit, Fortier’s counsel stated that she telephoned Lozano to see if an answer would be filed on Hilyer’s behalf. Fortier’s counsel stated that Loza-no did not answer ,the call and that she left him a voicemail. It is unclear as to when Fortier’s counsel made the telephone call, and Fortier’s counsel does not describe the contents of the voiQemail.
“On April 16, 2014, .the trial court entered an order stating that the hearing on the motion to set aside had been held and that- the issue remained under advisement. The record does not include a transcript of the hearing.
“On May 13, 2014, Hilyer filed a supplement to his motion to set aside the default judgment, in which he submitted an affidavit from Scott Kramer, a member. of the Coosada Volunteer Fire Department (‘the CVFD’), who was the on-scene supervisor for the accident,”
Hilyer I, 176 So.3d at 812.
Scott Kramer stated that he-drove a fire engine from the station to' the scene of the accident; that he was traveling north on Kennedy Avenue and approached the accident scene from the south;, that, in the area just south of the accident, Kennedy Avenue curves from west to north; that, when he entered the curve, he could see across his right to the area where the curve ended; that he could see the lights of Hilyer’s tractor-trailer rig and the lights of a police vehicle at the.accident scene; that he could clearly see the running lights and headlights of the tractor-trailer rig; that the hazard lights on the tractor-trailer rig were flashing; and that the tractor-trailer rig and the police vehicle were approximately one-quarter of a mile away when he first saw them. He further stated that, when he arrived at the scene, M.M.’s vehicle was on fire; that the tractor-trailer rig was parked in the road and its running lights were on; that he looked at the running lights to maneuver the fire engine between the police vehicle and the tractor-trailer rig; that he did not see anything that night to explain why M.M. would not have seen the tractor-trailer rig; and that anyone traveling the 36 m.p.h. speed limit would have had ample time to avoid a collision. Finally,'Kramer stated that he lived in Coosada; that he was familiar with *20 traffic on Kennedy Avenue; that Kennedy Avenue was not a heavily traveled road; that’he had previously seen Hilyer backing his tractor-trailer rig into his driveway; and that it never took Hilyer very long to get his tractor-trailer rig out of the road.
“On May 21, 2014, Fortier .filed a reply to Hilyer’s supplement to his motion to set aside the default judgment and a motion to strike Kramer’s affidavit.![2]] Hilyer’s motion to set aside the default judgment was denied by operation of law on June 5, 2014. Hilyer appealed.”
Hilyer I, 176 So.3d at 812.
On appeal in Hilyer I, this Court considered whether Hilyer’s Rule 55(c) motion had properly alleged the three factors set out in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988).[3] 176 So.3d at 814. We held both that Hilyer’s Rule 55(c) motion met the threshold showing of each of the three Kirtland factors and that those factors were not considered in the denial by operation of law of Hilyer’s Rule 55(c) motion. 176 So.3d at 820-21. Therefore, we reversed the denial of Hilyer’s Rule 55(c) motion and remanded the case with instructions for the circuit court to consider the three Kirtland factors in determining whether to grant or to deny Hilyer’s Rule 55(c) motion. 176 So.3d at 820-21. We noted:
“ ‘ “[0]ur mandate in this case ‘is not to be construed to mean that the trial court must set aside the default judgment, [but] only that the trial court must apply the Kirtland factors in deciding whether to set aside the default judgment.’ ” Richardson v. Integrity Bible Church, Inc., 897 So.2d 345, 349 (Ala. Civ. App. 2004), quoting White v. Westmoreland, 680 So.2d 348, 349 (Ala. Civ. App. 1996).’ [D.B. v. D.G.] 141 So.3d [1066,] 1072 [ (Ala. Civ. App. 2013) ].”
176 So.3d at 821.
On May 27, 2015, the circuit court held a hearing on" Hilyer’s Rule 55(c) motion. No new evidence was offered. Following the hearing, the circuit court entered the following order:
“This case coming on before this Court upon the remand from the appellate court for this Court to consider the Kirtland factors in whether the default judgment that is entered in this cause should be set aside. The parties appearing and submitting only evidence through pleading and no new evidence being presented on the date of this hearing through testimony. Only argument being presented, this Court finds as follows:
“This Court hearing the argument and reviewing the pleadings as to the 1. *21 Meritorious defense of the Defendant, 2. The plaintiff unfair prejudice and 3. [WJhether the default was a product of the Defendant’s own conduct, with the idea that all three factors must be shown for the Kirtland analysis to be applied.
“Parties stating through counsel that Agent Lazono [sic] received the correspondence from [Fortier], received phone calls and text messages along with letters that he placed in the claim file but mistakenly thought he had assigned the claim to another. Agent Lazo-no [sic] failed to respond to letters asking if he was going to respond. [Fortier] making direct contact with the adjuster for the carrier but was unable to get the carrier to arrange for [Fortier] to review the vehicle of [Hilyer], even though the same was in [Hilyer’s] possession. Lazo-no [sic] knew the suit was pending.
“This Court finds that Lazono [sic], the employee of the carrier, exhibited ‘intentional non-responsiveness.’
“Upon review of the Kirtland factors, this Court finds that the default judgment entered herein should remain. Motion to set aside is denied. DONE this 27th Day of May 2015.”
Hilyer appealed.
Standard of Review
“In reviewing a trial court’s denial of a motion to set aide a default judgment, this Court has stated:
“ ‘A trial court has broad discretion in deciding whether to grant or deny a motion to set aside a default judgment. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala. 1988). In reviewing an appeal from a trial court’s order refusing to set aside a default judgment, this Court must determine whether in refusing to set aside the default judgment the trial court exceeded its discretion. 524 So.2d at 604. That discretion, although broad, requires the trial court to balance two competing policy interests associated with default judgments: the need to promote judicial economy and a litigant’s right to defend an action on the merits. 524 So.2d at 604. These interests must be balanced under the two-step process- established in Kirtland.
“‘We begin the balancing process with the presumption that cases should be decided on the merits whenever it is practicable to do so. 524 So.2d at 604. The trial court must then apply a three-factor analysis first established in Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala. 1987), in deciding whether to deny a motion to set aside a default judgment. Kirtland, 524 So.2d at 605. The broad discretionary authority given to the trial court in making that decision should not be exercised without considering the following factors: “1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.” 524 So.2d at 605.’
“Zeller v. Bailey, 950 So.2d 1149, 1152-53 (Ala. 2006).”
Manci v. Ball, Koons & Watson, 995 So.2d 161, 165 (Ala. 2008).
Discussion
Hilyer argues that the circuit court exceeded its discretion when it denied his Rule 55(c) motion because, he argues, each of the three Kirtland factors weigh in favor of granting the motion.
A. Whether the Defendant Has a Meritorious Defense
Concerning whether the defendant has alleged a meritorious defense under Kirt-land, this Court has stated:
*22 “To present a meritorious defense, for Rule 55(c) purposes, does not require that the movant satisfy the trial court that, the movant would necessarily prevail at a trial on the merits, only that the movant show the court that the movant is prepared to present a plausible defense. Kirtland, 524 So.2d at 605.
‘“The defense proffered by the defaulting party must be of such merit as to induce the trial court reasonably to infer that allowing the defense to be' litigated could foreseeably alter the outcome of the case. To be more precise, a defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means-to warrant submission of the case to the jury.
‘“The allegations set forth in the answer and in the motion must be more than mere bare legal conclusions without factual support; they must counter the cause of action averred in the complaint with specificity—namely, by setting forth relevant legal grounds substantiated by a credible factual basis. Such allegations would constitute a “plausible defense.” ’
“Kirtland, 524 So.2d at 606.”
Sampson v. Cansler, 726 So.2d 632, 634 (Ala. 1998).
In her complaint, Fortier alleged negligence and wantonness claims against Hi-lyer. As set out above, we summarized Fortier’s claims against Hilyer in Hilyer I as follows:
“1. That Hilyer negligently and wantonly blocked both lanes of travel on Kennedy Avenue in the dark while attempting to back the tractor-trailer rig into his private driveway;
“2. That Hilyer negligently and wantonly failed to give adequate warnings to motorists approaching on Kennedy Avenue that the tractor-trailer rig' was blocking both lanes of travel on Kennedy Avenue;
“3. That Hilyer negligently and wantonly failed to have adequate and/or proper lighting on the truck and/or the trailer.
“4. That Hilyer negligently and wantonly violated certain provisions of the Alabama Rules of the Road.”
176 So.3d at 811.
We first address whether, for Rule 55(c) purposes, Hilyer presented a meritorious defense to Fortier’s claims that Hilyer negligently and wantonly failed to give adequate warnings and that Hilyer negligently and wantonly failed to have adequate and/or proper lighting on the tractor-trailer rig.
In Lemley v. Wilson, 178 So.3d 834 (Ala. 2015), this Court set out the elements a plaintiff must prove to establish negligence and wantonness:
“ ‘To establish negligence, the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate .causation; and (4) damage or injury. Albert v. Hsu, 602 So.2d 895, 897 (Ala. 1992). To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty. To be actionable, that act or omission must proximately cause the injury of which the plaintiff complains. Smith v. Davis, 599 So.2d 586 (Ala. 1992).’ ”
*23 Lemley, 178 So.3d at 841-42 (quoting Martin v. Arnold, 643 So.2d 564, 567 (Ala. 1994)) (emphasis omitted).
In the past, this Court has held that a defendant presents a meritorious defense under the first Kirtland factor when he or she provides affidavit testimony that directly disputes the circumstances described in the plaintiffs complaint. See, e.g., Ex parte Family Dollar Stores of Alabama, Inc., 906 So.2d 892, 901 (Ala. 2005)(holding that the defendant had presented a “plausible defense” under the first Kirtland factor because “[t]he affidavit of [the defendant] directly disputes the circumstances described by the [plaintiffs] in their complaint concerning the March 17, 2002, incident and, if believed by the fact-finder, would completely undermine the theories of liability asserted by the [plaintiffs]”); Summit Photographix, Inc. v. Scott, 763 So.2d 956, 960 (Ala. 2000) (“Through [the witness’s) affidavit, [the defendant] has specifically refuted [the plaintiffs] claims; therefore, [the defendant] has made a showing that it could present a meritorious defense. See Kirtland, 624 So.2d at 605-06.”).
In Hilyer’s Rule 55(c) motion, Hilyer provided the affidavit testimony of his neighbor, Jackson. Jackson specifically stated that the lights on Hilyer’s tractor-trailer rig were on and visible and that Hilyer honked the horn before the accident, Additionally, Hilyer provided his own affidavit testimony in which he stated that the headlights and four-way flashers of his tractor were on when he was backing into his driveway, Hilyer also stated that he flashed his lights when it was evident to him that the minivan driven by M.M. was not going to stop. Thus, the facts alleged in the affidavit testimony provided by Hilyer in his Rule 55(c) motion, if true, directly contradict the factual basis for both Fortier’s claim that Hilyer negligently and. wantonly failed to give adequate warnings and Fortier’s claim that Hilyer negligently and wantonly failed to have adequate and/or proper lighting on the tractor-trailer rig. Therefore, Hilyer has' presented a meritorious defense, for Rule 56(c) purposes, to those claims. ,
We next address whether Hilyer has presented a meritorious defense, for Rule 55(c) purposes, to Fortier’s claim that “Hilyer negligently and wantonly blocked both lanes of travel on Kennedy Avenue in the dark while attempting to back the tractor-trailer rig into his private driveway” and to Fortier’s claim that “Hilyer negligently and wantonly violated certain provisions of the Alabam'a Rules of the Road.”
“ ‘Contributory negligence is an affirmative and complete defense to a claim based, on negligence. In order to establish contributory, negligence, the defendant bears the burden of proving that the plaintiff 1) had knowledge of the dangerous condition; .2) had an appreciation of the danger under the surrounding circumstances;, and 3) failed to exercise reasonable care, by placing himself in the way of danger.’
“Ridgeway v. CSX Transp., Inc., 723 So.2d 600, 606 (Ala. 1998).”
Norfolk S. Ry. v. Johnson, 75 So.3d 624, 639 (Ala. 2011).
It is undisputed that Hilyer blocked both lanes of travel while backing his tractor-trailer rig into his private driveway; however, in his Rule 55(c) motion to set aside the default judgment, Hilyer alleged that the collision was the result of contributory negligence on M.M.’s part. Specifically, Hilyer alleged that the accident was the result of M.M.’s.failure to keep a proper lookout and M.M.’s excessive speed. Hilyer supported his allegation that M.M. was contributorily negligent with affidavit *24 testimony of himself, Jackson, and Kramer.
In Hilyer’s affidavit, Hilyer stated that there was a streetlight behind his tractor-trailer rig. He stated that his trailer had reflective tape and that the tractor’s four-way flashers were on. He alleged that M.M. should have seen his tractor-trailer rig.
In Jackson’s affidavit, Jackson stated that the minivan appeared to be speeding. Jackson also stated that Hilyer flashed the lights on the tractor-trailer rig and honked the horn when M.M.’s vehicle approached the tractor-trailer rig. And Jackson stated that the tractor’s hazard lights were flashing before M.M.’s vehicle hit Hilyer’s tractor-trailer rig.
In Kramer’s affidavit, Kramer stated that he did not see anything that night to explain why M.M. would not have seen the tractor-trailer rig and that anyone traveling the 35 m.p.h. speed limit would have had ample time to avoid an accident. Kramer also stated that the hazard lights of the tractor were on when he arrived at the scene.
Accordingly, Hilyer’s motion to set aside the default judgment alleged facts that, if true, would permit a jury to conclude that M.M. was contributorily negligent. As a result, Hilyer presented a meritorious defense, for Rule 55(c) purposes, to Fortier’s claims that he negligently blocked both lanes of travel and that he negligently violated certain provisions of the Alabama Rules of the Road.
Of course, contributory negligence “is not a bar to a wantonness claim.” Tyler v. City of Enterprise, 577 So.2d 876, 878 (Ala. 1991). Thus, we must now determine whether Hilyer presented a meritorious defense, for Rule 55(c) purposes, to Fortier’s claims that Hilyer wantonly blocked both lanes of travel and that Hi-lyer wantonly violated certain provisions of the Alabama Rules of the Road. As set out above, to establish wantonness, the plaintiff must prove, in part, that the defendant acted with reckless indifference to the consequences.
“ ‘Reckless’ is defined as ‘careless, heedless, inattentive; indifferent to consequences,’ Black’s Law Dictionary 1270 (6th ed. 1990); ‘marked by lack of proper caution: careless of consequence,’ Webster’s New Collegiate Dictionary 957 (1981); ‘having no regard for consequences; uncontrolled; wild.’ The American Heritage Dictionary of the English Language 1088 (1969); see Harrison v. State, 37 Ala. 154 (1861).”
Berry v. Fife, 590 So.2d 884, 885 (Ala. 1991).
In his Rule 55(c) motion, Hilyer provided affidavit testimony concerning the alleged precautions he took to avoid an accident while backing his tractor-trailer rig into his driveway. Those alleged precautions include activation of the tractor’s four-way flashers; reflective tape; and flashing the lights and honking the horn at the oncoming minivan driven by M.M. Those precautions, if in place, plausibly refute Fortier’s claim that Hilyer acted with “reckless indifference” to the risk of an accident. Accordingly, for Rule 55(c) purposes, Hilyer has presented a meritorious defense to Fortier’s allegation that he wantonly blocked both lanes of travel and wantonly violated certain provisions of the Alabama Rules of the Road.
Because Hilyer has, for Rule 55(c) purposes, presented a meritorious defense to each of the claims set out in Fortier’s complaint, the first Kirtland factor weighs in favor of setting aside the default judgment.
*25 B. Whether the Plaintiff Will Suffer Substantial Prejudice
Concerning the second Kirtland factor, whether a plaintiff will suffer substantial prejudice, this Court has said:
“The second factor that a tidal court must consider in ruling on a motion to set aside a default judgment is whether the plaintiff will be unfairly prejudiced if it grants the motion. Kirtland, 524 So.2d at 606-07. This prejudice cannot take the form of mere delay or increased costs, because those can be remedied by imposing additional costs on the defendant if the plaintiff later prevails. 524 So.2d at 607. Rather, the prejudice must be substantial, facilitating fraud or collusion, resulting in the loss of evidence, or hindering discovery. 524 So.2d at 607.
“Although common sense dictates that a plaintiff is usually in a far better position to know what prejudice might befall him from the delay, and more importantly how substantial that prejudice would be, we have placed upon the defendant the initial burden of demonstrating that the plaintiff will not be substantially prejudiced. As we have stated:
“ ‘We hold that when a party files a motion to set aside a default judgment, the movant has the initial burden of making a prima facie showing that the plaintiff will not be unfairly prejudiced if the default judgment is set aside. If the movant makes a pri-ma facie showing that the plaintiff will not be unfairly prejudiced, the burden then shifts to the plaintiff to present facts showing that the plaintiff will be unfairly prejudiced if the default judgment is set aside.’
“Phillips v. Randolph, 828 So.2d 269, 278 (Ala. 2002). Additionally, a defendant cannot simply state that the plaintiff will not be prejudiced if the motion to set aside the default judgment is granted. Phillips, 828 So.2d at 275.”
Royal Ins. Co. of America v. Crowne Invs., Inc., 903 So.2d 802, 811 (Ala. 2004).
In the present case, Hilyer did more than simply state that Fortier would not be prejudiced if the motion to set aside was granted. As this Court explained in Hilyer I:
“In his motion to set aside, Hilyer asserted that Fortier would not be prejudiced by setting aside the default judgment because:
“‘This accident occurred less than eight months ago. Hilyer and Jackson are both Coosada residents and are available for deposition. All of the vehicles involved in the accident are still available for inspection, Hilyer still drives the tractor, and his father owns the trailer. M.M.’s medical care is documented in her hospital records. It is believed the minivan is currently being held at Coosada Towing. But, even if this is not the case, [Fortier’s] counsel had an investigator investigating this accident fairly soon after it occurred, and he likely was able to photograph and inspect the minivan .... While [Fortier’s] counsel has been inconvenienced by the delay in answering the complaint, she has not expended any significant time or expense in obtaining the default judgment. M.M. has not been required to attend any hearings or proceedings in obtaining the default judgment.’ ”
176 So.3d at 817. Accordingly, Hilyer has met his initial burden of making a prima facie showing that Fortier will not be unfairly prejudiced if the default judgment is set aside.
In response, Fortier argues that she will suffer substantial prejudice if the default judgment is set aside, because, she argues, evidence has been lost or destroyed. Spe- *26 cifícally, Fortier alleges that because she was denied access to evidence and because the evidence was not properly preserved she will never have physical evidence of the condition of Hilyer’s tractor-trailer rig as it was on the day of the accident. “[A]s a result,” Fortier asserts, she “has forever lost access to critical’ evidence that would have conclusively established Hilyer’s negligence and wantonness and that would have defeated Hilyer’s claim of contributory negligence.” Fortier’s brief, at p, 39.
The basis of Fortier’s allegation that physical evidence of the tractor-trailer rig is “forever lost” is Wyatt’s statement to McHenry that the tractor-trailer rig was repaired two days after the accident. After Fortier made a similar'argument in Hilyer I, this Court stated:
“Fortier’s argument in this regard and the affidavits she submitted in support of her opposition.do not establish that the delay caused by setting aside the default .judgment will result in the loss or destruction of evidence. At best, the evidence before this Court establishes that any loss of evidence occurred two, days after the accident and well before any action had been filed in this case,”
176 So.3d at 818. That is, the default judgment, notwithstanding, Fortier would still be required to prove her case in light of the “lost access” to evidence, allegedly caused by Hilyer’s repairs to the tractor-trailer rig. Thus, Fortier’s argument that setting aside the default judgment will cause substantial prejudice because physical evidence would be- lost is unpersuasive.
•Next, Fortier argues that she would suffer substantial prejudice if the default judgment is set aside because, she says, discovery of the condition of the trailer and of any repairs to it have been hindered or “made impossible.” Fortier’s brief, at p, 41. Fortier argues that, although the repairs to the tractor-trailer rig took place before Hilyer’s answer was due, the ensuing years after the accident have rendered discovery on the repairs and condition of the trailer impossible.
Pursuant to Phillips v. Randolph, 828 So.2d 269 (Ala. 2002), at this stage of the Kirtland analysis, Fortier bears the burden of presenting facts showing that she will be unfairly prejudiced if the default judgment is set aside. “We have held that mere allegations and conclusory statements do not constitute sufficient evidence to establish facts. See Hall v. Chrysler Corp., 553 So.2d 98, 100 (Ala. 1989).” Ex parte Gilliam, 720 So.2d 902, 906 (Ala. 1998). In her brief before this Court, Fortier merely alleges that discovery as to the repairs to the tractor-trailer rig following the accident'is impossible; she does not direct this Court to any facts "to support that allegation. For example, Fortier has not provided any facts indicating that records of the repairs do not exist or that she attempted to obtain records of those repairs but was prevented from doing so. Accordingly, Fortier’s conclusory allegations at this point in the proceedings do not establish that discovery of the repairs to the tractor-trailer rig is impossible. Consequently, Fortier has not presented facts showing that she would be unfairly prejudiced if Hilyer’s motion to set aside the default judgment was granted because discovery of the repairs to the tractor-trailer rig would be hindered.
Fortier also alleges that setting aside the default judgment will hinder discovery she would have' been able to pursue because, Fortier argues, if Hilyer had timely answered her initial complaint, she could have inspected the tractor-trailer rig to determine whether lights and reflective tape were present and/or working properly and could have reconstructed the accident. Fortier has not alleged any facts indicating *27 that access to the tractor-trailer rig would be hindered if the motion to set aside the default judgment was granted. Additionally, Fortier does not present facts indicating that the tractor-trailer rig is currently unavailable for inspection.
Furthermore, we note that there is nothing to suggest that relevaht witnesses who can testify to the condition of the tractor-trailer rig at the time of the accident, such as R.W., are not available. Additionally, according to McHenry’s affidavit, the investigator hired by Hilyer took photographs of the tractor-trailer rig following the accident. Fortier does not direct this Court to any facts indicating that those photographs do not exist or that, if the photographs do exist, Fortier attempted to obtain those photographs but was prevented from doing so.
Accordingly, for Rule 55(c) purposes, sufficient facts have not been presented demonstrating that Fortier would suffer substantial prejudice if' the default judgment were to be set aside. Thus, the second Kirtland factor weighs in favor of setting aside the default judgment.
C. Lack of Culpable Conduct on the Fart of the Defaulting Party
The third Kirtland factor requires a circuit court to examine the conduct of the defaulting party. Concerning the third Kirtland factor, this Court has stated:
“To warrant a refusal to set aside a default judgment, the defaulting party’s actions that resulted in the entry of the default judgment must constitute willful conduct or conduct committed in bad faith. Negligence alone is not sufficient. Bad faith or willfulness is identified by ‘incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness.’ Kirtland, 524 So.2d at 608 (citing Agio Indus., Inc. v. Delta Oil Co., 485 So.2d 340, 342 (Ala. Civ. App. 1986)), A trial court’s finding with respect to the culpability of the defaulting party is subject to great deference. Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610, 616 (Ala. 1988).”
Zeller v. Bailey, 950 So.2d 1149, 1154 (Ala. 2006).
In the present case, the circuit court found that Lozano, an employee of Hilyer’s insurance carrier, exhibited “intentional nonresponsiveness.” As set out above, “intentional n.onresponsiveness” may constitute the bad faith or willfulness necessary to warrant a finding of culpable conduct under the third Kirtland factor. See Zeller, supra. The circuit court did not make any findings concerning the conduct of any party other than Lozano. Thus, it appears that the circuit court implicitly found that, based solely on Lozano’s conduct, the third Kirtland factor—the culpability of the defaulting party—weighed in favor of denying Hilyer’s Rule 55(c) motion.
On appeal, Hilyer argues that the circuit court’s finding that Lozano exhibited intentional nonresponsiveness under the third Kirtland factor is not substantiated by the record. As set out above, the circuit court’s judgment states that it “[heard] argument and [reviewed] the pleadings” as to the three Kirtland factors. The circuit court then states:
“Parties stating through counsel that Agent Lazono [sic] received the correspondence from [Fortier], received phone calls and text messages along with letters that he placed in the claim file but mistakenly thought he had assigned the claim to another. Agent Lazo-no [sic] failed to respond to letters asking if he was going to respond. [Fortier] making direct contact with the adjuster *28 for the carrier but was unable to get the carrier to arrange for [Fortier] to review the vehicle of [Hilyer], even though the same was in [Hilyer’s] possession. Lazo-no [sic] knew the suit was pending.
“This Court finds that Lazono [sic], the employee of the carrier exhibited ‘intentional non-responsiveness.’ ”
There are no facts in the record indicating that Lozano received text messages. There are also no facts in the record indicating that Lozano received multiple telephone calls from Fortier’s counsel; instead, the record reflects that Fortier’s counsel telephoned Lozano once and left a voicemail message. There are no facts in the record concerning the contents of that voicemail. Additionally, there are no facts in the record indicating that Lozano placed letters from Fortier in Hilyer’s “claim file.”
Furthermore, the undisputed facts in the parties’ pleadings do not support the circuit court’s finding that Lozano “knew the suit was pending” against Hilyer. It is undisputed that two of the three letters Fortier’s counsel sent to Lozano, if read, would have been sufficient to put Lozano on notice both that Fortier had filed suit against Hilyer and that an answer had not been filed on Hilyer’s behalf. But it is also undisputed that Lozano did not read or respond to the relevant correspondence from Fortier’s attorney because Lozano believed that he had assigned Hilyer’s insurance claim to another adjuster. Given the undisputed evidence that had been submitted to the circuit court indicating that Lozano did not know the suit against Hilyer was pending, we hold the circuit court’s finding that “Lazono [sic] knew the suit was pending” is not substantiated by the record before this Court.
Next, we examine the circuit court’s finding that Fortier made contact with Lo-zano ■ but was unable to get Lozano to arrange a viewing of the tractor-trailer rig. According to McHenry, the investigator for Fortier’s counsel, he telephoned Loza-no about accessing the tractor-trailer rig. Lozano answered McHenry’s call and told McHenry that Lozano had authority to allow McHenry to see the tractor-trailer rig but that McHenry needed to coordinate the viewing with Wyatt. The remainder of McHenry’s attempts to inspect the tractor-trailer rig were based on McHenry’s attempts to contact Wyatt or Hilyer. There are no facts suggesting that McHenry attempted to contact Lozano after Lozano initially responded and referred McHenry to Wyatt or that Lozano took any action to avoid responding to McHenry. Thus, contrary to the circuit court’s order, there is no evidence indicating that Fortier was unable to get Lozano to arrange for Fortier to view the tractor-trailer rig.
Instead, the undisputed facts presented in the record before us demonstrate that Lozano’s conduct, although negligent, was not intentionally nonresponsive.
“Reasonable explanations for defaults, such as attorney neglect (Ex parte Illinois Central Gulf R.R., [514 So.2d 1283, 1288 (Ala. 1987) ]) and liability insurance company neglect (Lee v. Martin, 533 So.2d 185 (Ala. 1988), attributable to innocent inadvertence, militate in favor of a finding of an absence of culpability and provide a basis for setting aside a default judgment. Kirtland, 524 So.2d at 607-08.”
Sanders v. Weaver, 583 So.2d 1326, 1329 (Ala. 1991). In Sanders, the defendant forwarded the plaintiffs summons and complaint to its insurance carrier the day it was received. 583 So.2d at 1328. The insurance-claims adjuster handling the claim was away from the office for several weeks, and the summons and complaint were placed on the adjuster’s desk. 583 So.2d at 1329. The adjuster, who was expe *29 riencing personal difficulties and whose department was being reorganized, did not find the summons and the complaint until' after the default judgment had been entered. Id. In reviewing the trial court’s decision to deny the defendant’s motion to set aside the default judgment on appeal, we held that the default was attributable, not to wilful disregard of court rules, but to negligence, and we reversed the circuit court’s decision. Id.
In this case, Lozano believed—mistakenly, it appears—that Hilyer’s claim was being handled by another claims adjuster. Lozano claims that, based on that mistaken belief, he did not respond to Fortier’s counsel or retain counsel to defend Hilyer. Additionally, after the default judgment was entered, Lozano promptly retained counsel for Hilyer, who filed an answer to Fortier’s complaint and a motion to set aside the default judgment within 30 days of the entry of the default judgment. Finally, Lozano responded to McHenry’s request to examine the tractor-trailer rig by referring McHenry to Wyatt. Pursuant to Sanders, Lozano’s conduct constitutes, at most, insurance-carrier neglect and “militate[s] in favor of finding an absence of culpability.” 583 So.2d at 1329.
As set out above, the circuit court’s implicit finding that the third Kirtland factor weighed in favor of denying Hilyer’s Rule 55(c) motion was based solely on Lozano’s conduct; however, Fortier argues that Hi-lyer’s conduct in failing to file an answer to the complaint after receiving service was, itself, sufficient to constitute culpable conduct under the third Kirtland factor. We address Fortier’s argument out of an abundance of caution and because this Court can affirm a trial court’s judgment for any reason, even one not relied upon by the trial court. Bank of the Southeast v. Koslin, 380 So.2d 826, 830 (Ala. 1980) (“It is a settled principle that if the ultimate decision of a trial court is correct, that judgment will be upheld on appeal even though the trial court gave a wrong or insufficient reason therefor. City of Birmingham v. Community Fire District, 336 So.2d 502 (Ala. 1976).”).
In support of her argument that Hilyer’s conduct in failing to file an answer to the complaint after receiving service was sufficient to constitute culpable conduct under the third Kirtland factor, Fortier relies on this Court’s decision in Phillips v. Randolph, 828 So.2d 269 (Ala. 2002). In Randolph, the defendant did not file an answer to the plaintiffs complaint, despite receiving service of process. The trial court entered a default judgment on behalf of the plaintiff and, thereafter, denied the defendant’s motion to set aside the default judgment. On appeal from the trial court’s denial of the defendant’s motion to set aside the default judgment, this Court held that the trial court did not exceed its discretion in refusing to set aside the , default judgment based on its determination of the defendant’s culpability. We relied, in part, on reasoning from DaLee v. Crosby Lumber Co., 561 So.2d 1086, 1091 (Ala. 1990):
“““A party who ignores a summons and, without good excuse, neglects to make his defense at the proper time has no standing in any court when .he seeks to avoid the resulting judgment or decree. Read v. Walker, 18 Ala. 323, 333 [(1850)].’ Boothe v. Shaw, 214 Ala. 552, 108 So. 563, 564 [ (1926) ].” ’
“[DaLee v. Crosby Lumber Co.,] 561 So.2d [1086,] 1091 [ (Ala. 1990) ].
“The Court, in DaLee, quoting McDavid v. United Mercantile Agencies, Inc., 248 Ala. 297, 301, 27 So.2d 499, 503 (1946), further stated:
“‘“It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to *30 take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has-exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business, his motion to set aside a judgment for default should be denied.” ’
“561 So.2d at 1091.”
828 So.2d at 279.
First, there is reason to question the proposition, which Fortier derives from Randolph, that a defendant’s failure to file an answer after receiving service, without more, constitutes culpable conduct under the third Kirtland factor. See Ex parte Family Dollar Stores of Alabama, Inc, supra; Sampson v. Cansler, supra. In Ex parte Family Dollar Stores of Alabama, which this Court decided three years after Randolph, it was undisputed that the defendants received personal service of the plaintiffs complaint but did’ not answer or otherwise defend against it. 906 So.2d at 894. The circuit court entered a default judgment against the defendants and thereafter denied the defendants’ motion to set aside the default judgment, in which the defendants acknowledged that they “‘negligently failed to protect their interest and to inquire’ as. to the status of the case.’ ” ‘906 So.2d at 902. This Court, however, reversed the circuit court’s decision denying the - defendants’ motion to set aside the default judgment. Concerning the third Kirtland factor, we reasoned that
“the materials' submitted by the parties in this case contain no facts suggesting that the [defendants] acted willfully or in bad faith in omitting to respond to the complaint served upon them; to the eon-trary, although they were clearly initially negligent, they exhibited no intentional nonresponsiveness and they acted in a timely fashion once they became aware of the default judgment.’-’ ,.
906 So.2d at 903. Thus, Ex parte Family Dollar Stores, decided three years after Randolph, does not support the proposition that a defendant’s failure to file an answer to a complaint after receiving service, without more, constitutes culpable conduct under the third Kirtland factor.
Second, Fortier’s reliance on Randolph is misplaced. Randolph supports the proposition that a defendant’s failure to file an answer after receiving service may be culpable conduct but only when the defendant has no “good excuse.” See Randolph, 828 So.2d at 279 (“ ‘ “ ‘A party who ignores a summons and, without good excuse, neglects to make his defense at the proper time has no standing in any court when he seeks to avoid the resulting judgment or decree. Read v. Walker, 18 Ala. 323, 333 [ (1850) ].’ Boothe v. Shaw, 214 Ala. 552, 108 So. 563, 564 [(1926)].”’’’(emphasis added)). In the past, this Court has held that a defendant’s reasonable reliance on a third party to provide its defense militates against a finding of culpability when determining whether to deny a motion to set aside a default judgment. See, e.g. Sampson v. Cansler, supra; Lightner Investigators, Inc. v. Goodwin, 447 So.2d 679 (Ala. 1984); see also Appalachian Stove & Fabricators, Inc. v. Roberts, 544 So.2d 893, 896 (Ala. 1989)(“If [the defendant] had taken the summons and complaint and the letters from plaintiffs’ counsel to its proper insurance carrier, as did -the appellant in Lee [v. Martin, 533 So.2d 185 (Ala. 1988) ], it would have done all that it was required to do and it could have reasonably and correctly assumed that the insurance carrier had properly defended it as required.”(emphasis added)).
In Goodwin, Lightner Investigators, Inc. (“Lightner”), and Chrysler Credit Corporation (“Chrysler”) were sued after Light- *31 ner repossessed a vehicle on behalf of Chrysler. 447 So.2d at 680. Later, an employee from Chrysler represented to an employee from Lightner that Chrysler’s lawyer “would handle the whole matter.” Id. Chrysler’s attorney did not represent Lightner, however, and a default judgment was entered against Lightner. 447 So.2d at 681. Lightner filed a motion to set aside the default judgment, which the trial court denied. Id. On appeal, this Court reversed the trial court’s order denying the motion to set aside the default judgment, reasoning, in part, that it was reasonable for Lightner to rely on the representations made by the Chrysler employee that Chrysler would provide it with a defense. Id.
In Cansler, the estate of Neil Cansler sued Jesse Sampson and Terence Sampson, among others, after Cansler was struck and killed by an automobile. 726 So.2d at 632. Both Jesse and Terence received service of process, and both men contacted the same attorney to represent them. 726 So.2d at 633. The attorney, however, never made a formal appearance. Id. The trial court entered a default judgment against Jesse and Terence and denied their subsequent motion to set aside the default judgment. Id. On appeal, this Court reversed the trial court’s decision denying the motion to set aside the default judgment. 726 So.2d at 632. This Court reasoned, in part, that Jesse and Terence’s actions in failing to protect their interest and to inquire as to the status of their case constituted negligence, but “the record contains no evidence indicating that [Jesse and Terence’s] negligent actions were undertaken in bad faith or willfully.” 726 So.2dat635.
In the present case, it is undisputed that Hilyer had notice of Fortier’s complaint against him. It is also undisputed that Hilyer did not hire an attorney or attempt to • file an answer to Fortier’s complaint until after the default judgment'was entered against him. But Hilyer believed, based on his conversation with an insurance agent at Ledkins, that he would be provided with a defense. Furthermore, there are no facts before this Court indicating that Hilyer’s reliance on Ledkins to provide him with a defense was unreasonable. See, e.g., Zeller v. Bailey, 950 So.2d at 1154 (holding that defendant’s reliance on third party to provide a defense was “patently unreasonable in light of the trial court’s repeated efforts, after [the defendant’s] attorney had withdrawn, to give [the defendant] notice of the various stages of the proceedings by mail at his residence”). Accordingly, although not addressed by the circuit court, we conclude that, for Rule 55(c) purposes, Hilyer’s conduct in failing to file an answer to Fortier’s complaint after receiving service, in light of his reasonable reliance on his belief that Ledkins would provide him with a defense, .was not culpable conduct under the third Kirtland factor. Thus, we conclude that .the third Kirtland factor, weighs in favor of setting aside the default judgment.
Accordingly, we conclude that, under the particular circumstances of this case, all three Kirtland factors weigh in favor of setting aside the default judgment. Therefore, we hold that the circuit court exceeded its discretion in denying Hilyer’s Rule 55(c) motion to set aside the default judgment.[4] See Ex parte Family Dollar Stores, *32 906 So.2d at 903 (“Each of the Kirtland factors, when applied to the particular circumstances of this case, weigh in favor of setting aside the interlocutory default judgment. ... Given all of the particular circumstances of this case, we conclude that the trial court exceeded its discretion in declining to set aside the interlocutory default judgment.”); Summit Photographix, Inc. v. Scott, 763 So.2d at 961 (“Utilizing the test set out in Kirtland, we hold that the trial court [exceeded] its discretion in not setting aside the default judgment”).
In the remainder of his brief on appeal, Hilyer argues that the circuit court exceeded its discretion because, he argues, the circuit court failed to hold a hearing to determine whether the default judgment was in the best interests of M.M., a minor, and because the circuit court did not hold a postjudgment hearing to determine whether its judgment was excessive. Because we hold that the circuit court exceeded its discretion in denying Hilyer’s Rule 65(c) motion, we pretermit discussion of those arguments.
Conclusion
The circuit court exceeded its discretion in denying Hilyer’s Rule 55(c) motion to set aside the default judgment because all three Kirtland factors weigh in favor of setting aside the default judgment. Even if Lozano’s conduct constituted culpable conduct under the third Kirtland factor, the circuit court nonetheless exceeded its discretion in denying Hilyer’s Rule 55(c) motion to set aside the default judgment based on the facts of this case. Accordingly, we reverse the circuit court’s order denying Hilyer’s Rule 55(c) motion to set aside the default judgment and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Stuart, Bolin, Wise, and Bryan, JJ., concur.
Murdock, J., concurs in the result.
Main, J., dissents.
Shaw, J., recuses himself.

. Rule 55(c), Ala. R. Civ. P., provides:
“(c) Setting Aside Default. In its discretion, the court may set aside an entry of default at *17 any tíme before judgment. The court may on its own motion set aside a judgment by default within thirty (30) days after the entry of the judgment. The court may also set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment.”

. In Fortier’s motion to strike, filed pursuant to Rule 6, Ala. R. Civ. P., Fortier argued that the circuit court should not consider Kramer’s" affidavit because it was not timely filed. We noted in Hilyer I, however, that the circuit court did not rule on Kramer’s motion. 176 So.3d at 816 n.1. We held that because Rule 6 allowed for the possibility that the circuit court could have considered Kramer’s affidavit, we would consider Kramer’s affidavit in our review. Id.

. In Kirtland, we held that a trial court’s broad discretionary authority to set aside a default judgment under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct. 524 So.2d at 605. " ' "However, in order to trigger the mandatory requirement that the trial court consider the Kirtland factors, the party filing a motion to set aside a default judgment must allege and provide arguments and evidence regarding all three of the Kirtland factors.” ’ " Hilyer I, 176 So.3d at 813-14 (quoting D.B. v. D.G., 141 So.3d 1066, 1070-71 (Ala. Civ. App. 2013), quoting in turn Brantley v. Glover, 84 So.3d 77, 81 (Ala. Civ. App. 2011)).

. Fortier additionally argues that we should affirm the circuit court’s finding that Lozano was "intentionally nonresponsive” in light of the "great deference [we 'show] toward the trial court's decisions with respéct to such culpability.” Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610, 616 (Ala. 1988). Yet even if we w.ere to hold that the circuit court's finding under .the third Kirtland factor is supported by the facts in this case—which *32 we do not—Jones does not change our conclusion that the circuit court here exceeded its discretion. In Jones, we upheld a circuit court's denial of a defendant’s Rule 55(c) motion because, despite demonstrating the existence of a meritorious defense, defendant Jones’s behavior warranted "a finding of intentional ‘conduct evidencing disrespect for the judicial system.’ ” Jones, 524 So.2d at 614-15 (quoting Ex parte Illinois Central Gulf R.R., 514 So.2d 1283, 1288 (Ala. 1987)). Among other things, the circuit court stated it was " ‘completely incredulous as to Mr. Jones’s claims,’ ” that Jones was " 'playing games with the Court,’ ” which had " 'been a pattern’ ” of his, and that his failure to appear was a "stunt.” 524 So.2d at 615. Although we show great deference to a trial court’s findings of culpability, here, even if Lozano's conduct was culpable under the third Kirtland factor, it was manifestly unlike Jones’s "intentional evasion of the court and ... flouting of its authority,” Jones, 524 So.2d at 615. Therefore, we would nevertheless conclude that the circuit court exceeded its discretion in denying Hilyer’s Rule 55(c) motion to set aside the default judgment.