[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12191
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-01967-RDP

WILLIAM JACKSON,

Plaintiff - Appellant,

versus

US STEEL CORPORATION,
UNITED STATES STEELWORKERS UNION,
TOM CONWAY,
MICHAEL FIELDS,
RAYMOND D. LEAGUE,
JAMES P THOMAS,
NICOLE DEMAO,
THOMAS HANSON,
KARL G KOCSIS,
DONALD J PAYNE,
CHRISTIANA JOHNSTON,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 22, 2019)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

William Jackson appeals the dismissal of his complaint, arguing that the district court erred in concluding that his claims were preempted under Labor Management Relations Act (LMRA) § 301 and in denying his motion to remand to state court. We disagree and affirm.

## I.

During his employment at U.S. Steel Corporation, Jackson was the chairperson of the grievance committee of a steelworkers' union, Union Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (Union Steel). During a period of layoffs at U.S. Steel, Jackson sought to use invoke a "superseniority provision" in the collective bargaining agreement that governed the relationship between Jackson, U.S. Steel, and Union Steel. Jackson alleges that U.S. Steel and Union Steel conspired to defame him by publishing statements that he was using his union position for his own benefit and to engage in criminal conduct. Jackson filed unfair labor practice

2

charges against U.S. Steel and Union Steel with the National Labor Relations Board (NLRB).  The NLRB ultimately rejected all of Jackson's claims and later administrative appeals.

Jackson then sued U.S. Steel and Union Steel in Alabama state court. Jackson alleged state law claims for defamation, negligence, invasion of privacy, and intentional infliction of emotional distress.  The defendants removed the action to federal court based on the complete preemption of Jackson's state law claims under § 301 of the LMRA.  The district court granted the defendants' motion to dismiss and denied Jackson's motion to remand.  Jackson now appeals.

We review a district court's dismissal of a complaint de novo.  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010).  We also review de novo "whether § 301 preempts a state-law claim."  *Atwater v. Nat'l Football League Players Ass'n*, 626 F.3d 1170, 1179 (11th Cir. 2010).

## II.

Section 301 "grants jurisdiction to federal courts to adjudicate employment disputes involving collective bargaining agreements."  *Bartholomew v. AGL Res., Inc.*, 361 F.3d 1333, 1338 (11th Cir. 2004).  Section 301 is also the source of the LMRA preemption doctrine.  "[I]f the resolution of state-law claims depends on the meaning of a collective bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles—necessarily uniform

throughout the Nation—must be employed to resolve the dispute." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988).

To determine whether resolution of the state law claim requires interpretation of the collective bargaining agreement, we look at the elements of each state law claim. *Lightning v. Roadway Express, Inc.*, 60 F.3d 1551, 1557 (11th Cir. 1995). For state tort claims, § 301 preemption applies when "evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).

First, Jackson's defamation and privacy claims are preempted under § 301. These claims are based on allegations that U.S. Steel and Union Steel circulated statements that Jackson improperly used his union position and influence for his own benefit and committed a crime in his representation of Union Steel members by trying to invoke the Agreement's superseniority provision.

To prove defamation under Alabama law, the plaintiff must prove, among other things, that the defendant made a false and defamatory statement about the plaintiff. *Wal-Mart Stores, Inc. v. Smitherman*, 872 So.2d 833, 840 (Ala. 2003). Similarly, "falsity is an element of the plaintiff's claim" for invasion of privacy. *Regions Bank v. Plott*, 897 So. 2d 239, 244 (Ala. 2004). Determining falsity requires determining whether Jackson improperly asserted that he and other grievance committee members were entitled to the superseniority provision in the

4

Agreement.  The defamation and privacy claims are thus "inextricably intertwined with consideration of the terms of the labor contract" and thus preempted under § 301.

Jackson's other claims are also preempted because they all incorporate Jackson's main assertion that U.S. Steel and Union Steel published false statements about him to discredit him during arbitration.

Jackson's wantonness claim requires the court determine whether the defendants "with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty." *Hilyer v. Fortier*, 227 So. 3d 13, 22 (Ala. 2017) (internal quotations omitted).  To prevail, Jackson must also prove that the statements were the proximate cause of the injury. *Id.* (internal quotations omitted).  The court could not adjudicate this claim without determining Jackson's rights under the Agreement, the defendants' duties under the Agreement, and the truth of the allegedly defamatory statement.

Jackson's negligence claims are similarly preempted.  "To establish negligence, the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Id.* at 22 (internal quotations omitted).  Jackson bases his negligence claims on the defendants' "duty to refrain from performing any acts that would negligently, recklessly, wantonly, or willfully" injure him.  If this claim relies on the

defendants' duty not to defame Jackson, it is duplicative of Jackson's defamation claims and preempted.  If it relies on other duties in the Agreement—such as a duty of confidentiality during the arbitration process—determining whether the defendants breached those duties would require interpretation of the Agreement. *See Atwater*, 626 F.3d at 1179, 1182 (holding plaintiffs' negligence claim preempted because employer allegedly breached duties that "arose directly from the CBA").

Finally, Jackson's intentional infliction of emotional distress claim is preempted.  To be liable for IIED, the defendants' conduct must be "extreme and outrageous."  *Martin v. Hodges Chapel, LLC*, 89 So. 3d 756, 763 (Ala. Civ. App. 2011).  "[A]n analysis of an employee's intentional infliction of emotional distress claim may well require a court to refer to and interpret the contract provisions governing the terms and conditions" of employment.  *Lightning v. Roadway Exp., Inc.*, 60 F.3d 1551, 1557 (11th Cir. 1995) (quotations omitted).  But interpretation of the contract is not required where the "extreme and outrageous character of the employer's conduct is "evident without reference to the terms of a collective bargaining agreement."  *Id.* (internal quotations omitted) (holding IIED claim based on supervisors' physical assault of plaintiff was not preempted because extreme and outrageous character of conduct was evident without interpreting employment contract).  Jackson alleges that the defendants are responsible for

IIED because "they published false and defamatory statements."  Like his defamation and privacy claims, then, whether the defendants' conduct was "extreme and outrageous" requires interpreting the propriety of Jackson's conduct under the Agreement.

Jackson's attempt to repackage his § 301 claims as state law tort claims does not save them from preemption because they are inextricably intertwined with the collective bargaining agreement.

### III.

Because Jackson's state law claims against U.S. Steel and Union Steel are preempted by LMRA § 301, the district court properly denied Jackson's motion to remand the case to Alabama state court.  *See Sams v. United Food & Commercial Workers Union, AFL/CIO, CLC*, 835 F.2d 848, 849–50 (11th Cir. 1988).

The district court did not err in dismissing Jackson's claims and denying his motion to remand, and we affirm.

**AFFIRMED.**